UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANDREW H. ALLEN, Derivatively and on Behalf of the Nominal Defendant TIVITY HEALTH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DONATO TRAMUTO, ADAM HOLLAND, GLENN HARGREAVES, MARY JANE ENGLAND, ARCHELLE GEORGIOU, M.D., ROBERT J. GRECZYN, JR., PETER HUDSON, M.D., BRADLEY S. KARRO, CONAN J. LAUGHLIN, LEE A. SHAPIRO, PAUL H. KECKLEY, PH.D., AND KEVIN G. WILLS,<br><br>Defendants,<br><br>- and -<br><br>TIVITY HEALTH, INC.,<br><br>Nominal Defendant. | Case No. __3:18-cv-00797__<br><br>**JURY DEMAND** |

**PLAINTIFF'S MOTION TO SEAL AND IMPOUND
VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT**

Pursuant to Section 5.07 of Administrative Order No. 167-1 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rules 5.03 and 7.01, Plaintiff Andrew Allen ("Allen" or "Plaintiff") respectfully moves for leave to file under seal, and to have impounded, the unredacted Verified Shareholder Derivative Complaint ("Complaint") in this action. Plaintiff has attached to this motion as Exhibit 1 (*under seal*) the unredacted, non-public version of the Complaint.

In support of this motion, Plaintiff states as follows:

1. On August 24, 2018, contemporaneous with this filing, Plaintiff filed a Verified Shareholder Derivative Complaint, with certain information redacted ("Redacted Complaint"), asserting claims on behalf of Nominal Defendant Tivity Health, Inc. ("Tivity" or the "Company") against certain directors and officers of Tivity. Tivity has its principal place of business in Franklin, Tennessee and is incorporated in Delaware.

2. Prior to filing the Redacted Complaint, on April 24, 2018, counsel for Plaintiff sent a books and records request to Tivity, pursuant to 8 Del. C. § 220, on behalf of Plaintiff Allen (the "Section 220 Demand"). The requests sought, among other things, confidential materials from Tivity's Board of Directors, such as board minutes and presentations.

3. Consistent with Delaware practice and applicable Delaware Chancery Court precedent, and after negotiations between Plaintiff's counsel and Tivity's counsel, Tivity tentatively agreed to produce certain non-public, confidential information (the "Inspection Information") to Plaintiff in response to his Section 220 Demands, subject to the negotiation of an appropriate confidentiality agreement restricting its use.

4. Plaintiff and Tivity subsequently entered into a Confidentiality and Non-Disclosure Agreement, dated as of May 18, 2018 ("Confidentiality Agreement"). The Confidentiality Agreement includes provisions to maintain the confidentiality of the Inspection Information in the event Plaintiff chooses to file a complaint using the Inspection Information. Specifically, ¶5 of the Confidentiality Agreement states:

> Any person receiving Confidential Information hereunder who wishes to file any such Confidential Information in a lawsuit or proceeding before any court shall, absent the consent of the Company, use best efforts to obtain permission from the court to file such Confidential Information (or any document containing the contents of any such Confidential Information) under seal and shall serve the Company with a copy of any such request for filing under seal.

5.     Plaintiff afforded Tivity an opportunity to review the Complaint in this action before it was filed. After this review, Tivity requested that before filing, Plaintiff redact from the publicly available version of the Complaint certain Inspection Information referenced therein that Tivity believes constitutes its confidential business information and trade secrets (the "Confidential Information"), such that this Confidential Information not be revealed publicly. The redactions proposed by Tivity are reflected in the Redacted Complaint that Plaintiff has filed on the public docket contemporaneously with this motion.

6.     Consistent with the above provision of the Confidentiality Agreement, Plaintiff moves to file the Confidential Information contained in the Complaint under seal (and to have the unredacted Complaint impounded).

7.     Confidential information may be filed under seal if there is "good cause" to keep it confidential. *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). Federal courts have exercised their discretion to limit public access to material to prevent their records from becoming sources of business information that might harm a litigant's competitive standing. *See, e.g.*, *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 577 (E.D. Va. 2009) (explaining that district courts may "refuse[ ] to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing . . . .") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)), *id*. at 581–82, 589–90 (discussing in detail *In re Iowa Freedom of Information Council*, 724 F.2d 658 (8th Cir. 1983)); *see also Woven Electronics Corp. v. Advance Grp., Inc.*, Nos. 89–1580, 89–1588, 1991 U.S. App. LEXIS 6004, at * 17 (4th Cir. Apr. 15, 1991) (citing multiple authorities and noting that courts "have specifically recognized an exception to the public's right of access when a case involves trade secrets"); Fed. R. Civ. P. 26(c)(1)(G) (providing that a court may enter a protective order "requiring that a trade

secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way").

8. In the present case, good cause exists to seal the Confidential Information in the Complaint because it concerns non-public information about Tivity's customers and confidential business strategy. In addition, good cause also exists to seal the Confidential Information concerning non-public information about Tivity's customers and confidential business strategy because it contains trade secret management information.

9. As reflected in the Redacted Complaint, Tivity has identified Confidential Information for redaction in the following paragraphs of the Complaint: ¶¶ 3, 67-88, 96-98, 100-101.

10. Plaintiff has conferred with counsel for Tivity and the other named Defendants in this action, who assent to the relief requested in this motion.

11. Tivity has also indicated that it intends to file a response and supporting affidavits in further support of Plaintiff's Motion to Seal. Tivity's motion will set forth the specific reasons why it believes each of the documents cited in and redacted from the Verified Shareholder contains confidential business information. Plaintiff is unaware of any party or non-party opposing this motion, and the Confidential Information at issue and described above does not involve an alleged or potential public hazard or risk to public safety.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order, pursuant to Section 5.07 of Administrative Order No. 167-1 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rules 5.03 and 7.01, granting him leave to file the unredacted Complaint under seal and impounding the unredacted Complaint and information described above until further order of this Court.

Respectfully submitted,

By: */s/ J. Ross Pepper*
J. Ross Pepper (BPR#14444)
Sara R. Ellis (BPR#30760)
201 Fourth Avenue North, Suite 1550
Nashville, Tennessee 37219
Phone (615) 256-4838
*rpepper@pepperlawplc.com*
*sellis@pepperlawplc.com*

**PEPPER LAW, PLC**

Geoffrey M. Johnson (Ohio Bar #0073084)
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106
(216) 229-6088

Scott Jacobsen (New York Bar # 5344452)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
(212) 223-6444

**SCOTT+SCOTT
ATTORNEYS AT LAW LLP**

*Attorneys for Plaintiff Andrew Allen*

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2018, I electronically filed the foregoing with the Clerk of the United States District Court for the Middle District of Tennessee. I further certify that a true and accurate copy of the same will be served upon all named Defendants simultaneously with service of the summonses issued by this Court at the addresses set forth on said summonses.

*/s/ J. Ross Pepper*
J. Ross Pepper